WILLIAM GLADHILL, Petitioner.

The police court in Lowell, since a clerk thereof was appointed, pursuant to *St.* 1838, c. 147, has authority, under the act of congress passed on the 14th of April 1802, to receive the declaration, by an alien, of his intention to become a citizen of the United States.

SHAW, C. J.   The question in this case is, whether the police court of Lowell is a court of competent jurisdiction to receive

and record declarations of aliens of their intention to become citizens, and to admit aliens to naturalization under the laws of the United States. The question arose in this way : The petitioner applied to this court to be naturalized, and as a part of his necessary evidence offered a transcript of the record of the Lowell police court, to prove his previous declaration of intention, made in that court on the 18th of July 1840. As the same courts only that are authorized to naturalize are authorized to receive and record declarations of intent to become citizens, if the police court has no authority to naturalize, the previous declaration made before that court was unauthorized, and is insufficient for the purpose for which it is now offered.

As the authority, which any state court can have on this subject, is derived from the law of the United States, congress alone can prescribe uniform rules of naturalization. The statute of the United States, passed April 14th 1802, 2 U. S. Laws, (Story's ed.) 850, after having conferred the power to receive declarations of aliens, and, on application, to admit them to become citizens, upon various courts of the United States, and of the several States and territories, including district courts, and after reciting doubts whether certain courts of record in some of the States are included within the description, enacts, § 3, that "every court of record, in any individual State, having common law jurisdiction, and a seal, and clerk or prothonotary, shall be considered as a district court, within the meaning of this act."

On examining the act constituting the police court in Lowell, (St 1833, c. 64,) we are of opinion that it is a court of record coming within the description in the act of congress. It possesses all the characteristics of a. court of record. It is to be holden by a learned, able and discreet person, to be appointed and commissioned by the governor, pursuant to the constitution. In general, all judicial officers, by the constitution, hold their offices during good behavior, except justices of the peace, whose office is limited to the term of seven years. There is also a provision, § 8, for the appointment of special justices

to hold the court whenever the standing justice shall be interested in any suit or prosecution, or shall be unable, from any cause, to hear and determine any matter pending in said court. This indicates the establishment of a court, or judicial, organized tribunal, having attributes and exercising functions, independently of the person of the magistrate designated generally to hold it, and distinguishes it from the case of a justice of the peace, on whom, personally, certain judicial powers are conferred by law.

We have no doubt it is a court of record. Sect. 6 directs the keeping of a fair record, and a subsequent act, cited hereafter, authorizes the appointment of a clerk for the same purpose. It is not necessary to decide here whether a justice's court is a court of record. The point is left undecided in *Smith* v. *Morrison,* 22 Pick. 430. That a writ of error will lie on a justice's judgment, has been well settled. *Gay* v. *Richardson,* 18 Pick. 417 ; and the object of a writ of error is to remove a record. It will not lie to a judgment of a probate court, because not technically a court of record. *Smith* v. *Rice,* 11 Mass. 510. Probably the result may be, from an examination of all the statutes regulating the jurisdiction of justices of the peace, that their courts will be regarded, to some purposes, as courts of record, but not so in all respects.

But we think the decision in this case does not depend upon the legal character of the courts held by justices of the peace. It is true that the police court in Lowell is, by the act constituting it, vested with all the civil and criminal jurisdiction of justices of the peace ; but this is a mere mode of describing that jurisdiction, and does not give the legal character to the court. Many powers are vested in this court, not conferred on justices of the peace ; its constitution is different, and its mode of proceeding is different. That this court exercises a common law jurisdiction, there is no doubt ; it is authorized to hear and determine all complaints and prosecutions, in like manner as justices of the peace, and has jurisdiction of all civil suits and actions cognizable by a justice of the peace. Rev. Sts. c. 87, §§ 32, 34.

The police court, being vested with the same power that is given to a justice of peace, has power to use a seal. Whenever the statutes have prescribed the forms of writs and processes, issued by justices of the peace, (as they have done in many cases,) a seal is a part of the form of process thus prescribed ; and when a court has not, by any rule or order, adopted any particular form of seal, any seal sanctioned by the court is a sufficient seal. *Stevens* v. *Ewer,* 2 Met. 74.

The only other requisite in the act of congress is, that such court shall have a clerk or prothonotary. This clause requires, we think, not that the court shall have an officer denominated "clerk" or "prothonotary," but a recording officer, charged with the duty of keeping a true record of its doings, and after wards of authenticating them.

The act constituting the police court in Lowell, and also the Rev. Sts. *c.* 87, provide that the justice who holds the court shall perform all the duties of a clerk thereof. It might be argued, that the act of congress intended to limit the power to a court having a separate recording officer whose act should authenticate its doings ; and that the signature of a separate officer might add something to the credit due to an authenticated transcript. On the other hand, it might be urged with some plausibility, that if the judge is specially vested by law with the clerical authority, the court has a clerk, within the letter and equity of the statute.

But, in the present case, this doubt is removed by a subsequent enactment, *St.* 1838, *c.* 147, § 2, which provides that the justice of any police court, except that of Boston, may appoint a clerk, who shall be sworn, &c. " and shall have all the powers conferred by law upon the clerk of the police court of the city of Boston," who is a separate and independent officer. And it appears by the case before us that the police court in Lowell, prior to the time of the petitioner's filing his declaration of intention to become a citizen, appointed a clerk, conformably to this statute, and that he is still in the full exercise of the powers of that office.

We are therefore of opinion that the applicant's declaration

of intention, before the police court in Lowell, was rightly made, conformably to the law of the United States, and that, on complying with the other requisites, he will be entitled to be admitted a citizen.

*Knowles,* for the petitioner.